CELIA LURGE, PLAINTIFF, v. CHARLES H. GODFREY, DEFENDANT.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *Cole & Cole.*

*Contra, Samuel Morris.*

PER CURIAM.

The plaintiff, while walking along the sidewalk of Atlantic avenue, in Atlantic City, was injured by the frame of an awning which was attached to a building owned by the defendant and which fell from it as she was passing. She brought the present suit to recover compensation for the injuries received, the medical expenses incurred as a result thereof and the loss of earnings caused by her inability to carry on her work as a dressmaker. The jury rendered a verdict in her favor, awarding her $3,500.

Only two grounds are urged for setting aside this verdict. The first is that it was excessive and the second is based upon an alleged error contained in the court's charge to the jury.

The proof submitted on the part of the plaintiff showed that she was injured in the head and also on the shoulder, and that she suffered nervous prostration as a result of those injuries to such an extent that she was compelled to practically abandon her business as a dressmaker from the time of the reception of the injuries up to the time of the trial of the case. The proofs submitted on the part of the defendant showed that the plaintiff had not been injured about the head; that her injuries were not at all serious, and that the loss resulting from her alleged inability to carry on her business as the result of the accident had no foundation in fact, her business having so fallen off before the happening of the accident as to leave her no profits from the conducting thereof. Whether the testimony on the part of the plaintiff or that on the part of the defendant was to be accepted as the correct statement of the facts involved in the case was a question for the jury to determine. Evidently its verdict was based upon its finding that the character of the plaintiff's injuries and the loss of earnings by her were as testified by the witnesses called in her behalf. We cannot say that the

jury was not justified in that finding, and, this being so, the award based thereon seems to us to be moderate.

The only other ground for reversal is directed at the following instruction by the court to the jury: "If the plaintiff recovers, she is entitled to recover * * * for the moneys that she has lost by reason of inability to attend to her business by reason of the injuries sustained in this accident." It is not suggested that this instruction was erroneous as a matter of law, but that it was improper because there was no proof in the case definite enough to justify a finding of a specific loss in the business. It seems to us that this ground for setting the verdict aside is also without merit. There was proof, as we have already stated, of a considerable loss in the plaintiff's earnings resulting from the injuries which she received. The fact that she was not able to state definitely what that loss was did not bar the jury from making an award therefor.

Our conclusion is that the rule to show cause should be discharged.